NO. 07-10-0290-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 

FEBRUARY 16, 2011

_____________________________

 

 

JOSE ALONZO,  

 

                                                                                    Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                      Appellee

_____________________________

 

FROM THE 432ND DISTRICT COURT
OF TARRANT COUNTY;

 

NO. 1152331D; HONORABLE RUBEN
GONZALEZ, PRESIDING

_____________________________

 

Memorandum Opinion

_____________________________

 

 

Before QUINN, C.J.,
and CAMPBELL and HANCOCK, JJ.

            Jose
Alonzo was convicted, after a plea of guilty, of possessing, with intent to
deliver, cocaine in an amount of four grams or more but less than 200
grams.  Thereafter, he was sentenced to
twenty years in prison.  He claims on
appeal that the trial court abused its discretion in considering a prior sexual
assault when assessing punishment because the State failed to prove, beyond
reasonable doubt, that the act occurred and it was attributable to
appellant.  We overrule the issue and
affirm the judgment. 

            Evidence
may be offered at the punishment phase as to any matter the court deems
relevant to sentencing including the prior criminal record of the defendant,
his general reputation, his character, and any other evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt to have been committed
by the defendant regardless of whether he has previously been charged with or
finally convicted of the crime or act.  Tex. Code Crim. Proc. Ann. art. 37.07 §3(a)(1) (Vernon Supp. 2010).  This same rule applies when the trial court,
as opposed to a jury, determines punishment. 
Smith v. State, 292 S.W.3d 36, 42-43 (Tex. App.–Houston
[14th Dist.] 2006), aff’d, 227 S.W.3d
753 (Tex. Crim. App. 2007).  

            The
prior sexual assault in question involved the sexual assault of a child.  A grand jury no billed him of the charge in
2008.  Appellant now contends that it was
not shown beyond a reasonable doubt that he committed an offense.  

 Here, appellant testified at the punishment
hearing about the prior assault. 
Furthermore, the trial court received into evidence a statement he had
made to police.  That evidence
illustrated that appellant had touched the vagina and grabbed the breasts of a
naked girl whom he later learned was under seventeen years of age.  Furthermore, he not only knew she had been
drinking alcohol at the time, but also was willing to have sex with her.  Such is ample evidence for a trier of fact to determine that
appellant committed the bad act in question. 
And, though appellant argues that the trial court made no express
finding to that effect, he cites us to no authority indicating that such a finding was
necessary.  But, even if it was, we note the trial court’s comment,
when pronouncing sentence:  “. . . Now,
for whatever reason it was no-billed, the matter before the Court is that that
is still a criminal act, wouldn’t you say?” 
That utterance certainly implies that the trial court found appellant’s
conduct to be a bad act worthy of consideration when assessing punishment.  Thus, we find no error.  See
Young v. State, 283 S.W.3d 854, 876-77 (Tex. Crim. App.), cert. denied, ___ U.S. ___, 130 S.Ct. 1015, 175 L.Ed.2d 622 (2009) (holding that the defendant’s
out-of-court admission that he committed the act along with his possession of a
gun and forensic evidence was sufficient to prove the bad act was attributable
to appellant beyond reasonable doubt).  

Accordingly, we overrule appellant’s
issue and affirm the judgment. 

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice

Do
not publish.